WILLIAM S. BEAL v. JOHN T. SMITH.

In this case it appeared affirmatively, that Justices' Courts in the State of Georgia were created and organized by Statute, and were inferior Courts, not having a Clerk or a seal for the purpose of authenticating their judgments. In order, therefore, to show what effect was given to those judgments, by the local law, and, consequently, what faith and credit, or what effect, would be given to them in this State, it was necessary to have produced and proved the Statute by which their jurisdiction and powers were conferred. If it had appeared that Justices' Courts, in the State of Georgia, were elevated to the character and dignity of Courts of record, it might have presented a different question.

Error from Houston. Suit by the defendant in error against the plaintiff in error, on a bond which was as follows :

GEORGIA, } Know all men by these presents, that we, Decatur County. } Henry Lockhart and William H. Young, using the name and style of Lockhart & Young, and Benjamin M. Griffin and William S. Beal, are held and firmly bound unto John T. Smith, plaintiff in *fi. fa's*, in the just and full sum of twenty-four hundred dollars, for the true payment of which we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents, sealed with our seals, and dated 27th November, 1847. The condition of the above obligation is such, that whereas Mansico Cloud, Constable of the 513th District, G. M. in said county, has levied twenty several *fi. fa's*, issued from the Justice's Court of said District, in favor of John T. Smith against James Y. Smith, on the interest of the said James Y. Smith in the steamboat Albany, as the property of the said James Y. Smith, which interest has been claimed by Benjamin M. Griffin, as the property of the said Lockhart & Young and Benjamin M. Griffin : Now should the said Lockhart & Young and Benjamin M. Griffin, or either of them, well and truly deliver said interest, so levied on as aforesaid, at the time of sale, provided said interest should be

found subject to said *fi. fa's*, then the above obligation to be null and void, else to remain in full force and virtue. (Signed and sealed.)

Verdict and judgment for the plaintiff. The other facts are sufficiently stated in the opinion.

*A. P. Wiley*, for plaintiff in error. It will be observed that by the terms of the bond sued on, no obligation to deliver the property could arise until the same was found subject to all the *fi. fa's* in the mode prescribed by law, for the trial of the right of property in such cases. The property, however, never was found subject to the *fi. fa's* in conformity ·to the laws of Georgia.

If this Court, upon an examination of the record, concur in this view of the law, the judgment should be reversed and the suit dismissed.

There is another ground upon which the judgment should be reversed, as unsupported by the evidence. It appeared affirmatively in this case, that Justices' Courts in Georgia were inferior Courts, created and organized by Statute, and that the levy of certain *fi. fa's*, issued upon judgments rendered by a Justice of the Peace, in that State, against one James Y. Smith, upon certain property, constituted the inducement and foundation for the execution of the instrument sued on. Now it is admitted, that if this suit were pending in the Superior Court of that State, it would take judicial notice of the authority and jurisdiction conferred by Statute on Justices' Courts ; but the Courts of another State have no judicial knowledge of the Statute law of Georgia.

In the case of Thomas v. Robinson, in the State of New York, which was an action of debt on a Justice's judgment, rendered in the State of Pennsylvania, the Supreme Court, in reversing the judgment of the lower Court, say that it was incumbent on the plaintiff to show that the Magistrate had jurisdiction of the subject matter of the suit, as well as the person of the defendant. The Court go on in effect to say, that in

order to show what faith and credit should be given to judgments of Justices' Courts in another State, it is essential to produce and prove the authority under which they were organized and proceeded in any particular case, and this could only be done by producing and proving the Statute by which they were created. If that showed the subject matter of the suit was within the jurisdiction of the Court, and the proceedings appeared from the record to have been in conformity with the directions of the Statute, then it would be entitled to full faith and credit, and not before. (3 Wend. R. 268, and cases there cited.) In the case in 19 Johns. R. 33, the doctrine is expressly laid down, that in regard to Superior Courts the intendment of law is that they had jurisdiction, until the contrary appears; but with regard to inferior Courts, or those of special and limited jurisdiction, those who claim any right under their proceedings are bound to show affirmatively that they had jurisdiction. In this case there is no proof offered to show that the Justice had any jurisdiction under a Statute of Georgia, either to render judgments against James Y. Smith, or to try the right of property levied on under executions issued upon said judgments; and hence the evidence of defendant in error was fatally defective in this respect, and the judgment should be reversed on this ground, if the point first made should not be considered decisive of the whole case.

*G. F. Moore*, also, for plaintiff in error.

*Yoakum & Taylor*, for defendant in error.

WHEELER, J. The grounds mainly relied on for a reversal of the judgment are, 1st. That there was not sufficient evidence of the forfeiture of the bond; 2nd. That it does not appear that the Justice of the Peace, whose judgment is relied on to establish the forfeiture, had jurisdiction to try and determine the right of property. The bond was conditioned for the delivery of the property, in the event that it should be found sub-

ject to "the said *fi. fa's* ;" and there is much force in the argument, that there could be no breach of the condition, according to the evident import of its terms, until the property should be adjudged subject to the executions in all the cases. There was the verdict of a jury, summoned by the Justice in one only of the cases, and it does not very satisfactorily appear that any judgment was rendered upon the verdict in that case. The agreement that the other cases should abide the result of the trial in that case, might have been sufficient authority for the Justice to render a similar judgment in each of the remaining nineteen cases. But the agreement did not, of itself, constitute, or have the force and effect of a judgment in those cases ; and if judgment was duly rendered upon the verdict, according to the law and practice in Justices' Courts in the State of Georgia, there is no satisfactory evidence, as it seems to us, that any such judgment was rendered in the remaining cases. The sufficiency of the evidence relied on to establish a breach of the condition of the bond, therefore, may well be questioned. And if this were the only ground of objection to the judgment, we should be strongly inclined to the opinion that it must be reversed. We have thought it proper to intimate this opinion, for the consideration of the parties in the future conduct of the cause. But as it is not necessary for its present disposition, and the point has not been argued by counsel for the appellee, a decisive opinion need not be expressed.

Upon the remaining ground, we are of opinion, the judgment must be reversed. There has been considerable diversity of opinion upon the question, whether the judgments of Justices of the Peace come within the provision of the Constitution and Act of Congress, in relation to the credit and effect which the judgments of one State shall be entitled to in another ; and the mode of their authentication. In some of the States it has been decided that the judgment of a Justice of the Peace of another State cannot be authenticated according to the law of Congress, and it is, therefore, to be regarded as standing upon the same footing with a foreign judgment. (4 N. Hamp. R.

450 ; 6 Id. 567 ; 2 Pick. R. 448.) In other States, it has been held, that Justices' judgments, rendered in those States where Justices of the Peace hold Courts of record, or where the law requires them to keep a record of their proceedings, are within the Act of Congress. (5 Day's (Conn.) R. 363 ; 2 Verm. R. 573 ; 3 Monroe, 62.) In Ohio, the doctrine is, that the mode of certifying the judgments of Justices of the Peace has not been provided for by the Act of Congress ; but when duly proved in the Common Law mode, they are, within the provision of the Constitution, "entitled to full faith and credit," and not subject to re-examination. (5 Hamm. R. 545, 546.) And such, it is said by the learned author of the Notes to Phillips' Evidence, seems to be the doctrine in New York. And it is intimated, with much apparent force, that this doctrine is more in consonance with principle, than the doctrine which makes the effect of a judgment of a neighboring State depend upon the ability of the Court rendering it, to comply with the Act of Congress as to the form of authentication. (Cowen & Hill's Notes to Phil. Ev. Part 2, Note 58.)

But the judgment of a neighboring State, being dependent for its effect mainly upon the law of the place where it was rendered, it becomes a question of much practical moment, as to the mode in which the local law shall be ascertained. This question was considered by the Supreme Court of New York, in the case of Thomas v. Robinson, cited by counsel for the appellant. (3 Wend. R. 267.) That was an action of debt upon a judgment rendered by a Justice of the Peace in the State of Pennsylvania. The Court reviewed the decisions upon the subject in that State, maintaining that " Courts of Justices of " the Peace are not Courts of record. They do not proceed " according to the course of the Common Law. They are con " fined strictly to the authority given them by Statute, and can " take nothing by implication ; but must show their authority " in every instance, and must comply with the forms prescribed " by the Statute creating them. A Court of general jurisdic " tion is presumed to have acted, in such particular case, by

"competent authority; and its records are evidence, not only "of its acts, but of its jurisdiction. But the rule is different in "relation to inferior Courts; their jurisdiction must always "be shown." And the Court concluded, applying these principles to the case before them, "It appeared affirmatively in "this case, that Justices' Courts, in the State of Pennsylvania, "were created and organized by Statute. The superior Courts "in that State would take judicial notice of the authority and "jurisdiction conferred by Statute upon those Courts; but the "Courts of another State have no judicial knowledge of the "Statute law of Pennsylvania. It was essential, therefore, in "order to show what faith and credit would be given to these "Courts in Pennsylvania, to produce and prove the authority "under which they were organized and proceeded; this could "only be done by producing and proving the Statute by which "they were created. If that showed that the subject matter of "the suit was within the jurisdiction of a Justice's Court, and "the proceedings appeared from the record to have been in "conformity with the directions of the Statute, then it would "be entitled here (in New York) to full faith and credit." And because the Statute law of Pennsylvania, under which the Justice acted, was not shown, the Court held that the plaintiff was not entitled to recover. This case is very much in point, to the present, in its facts; and we think it rightly adjudged upon principle. We deem it unnecessary, therefore, to advert to other decisions in other States, in which there might be found some diversity of opinion. We know of no decision which expressly determines that the Court before which the judgment of a neighboring State is brought, may take judicial notice of the law under which it was rendered, in ascertaining its local effect; though, there may be cases in which such a principle has been intimated or assumed. (Note to Phil. Ev. before cited.) It has been repeatedly held by this Court, that we cannot take notice judicially of the local laws of other States, but they must be proved. And upon the principle of these decisions, we cannot take notice of the laws of Georgia

conferring jurisdiction upon Justices of the Peace. As in the case cited, (3 Wend. 267,) so in this case, it appeared affirmatively, that Justices' Courts in the State of Georgia were created and organized by Statute, and were inferior Courts, not having a Clerk or a seal for the purpose of authenticating their judgments. In order, therefore, to show what effect was given to those judgments, by the local law, and, consequently, what faith and credit, or what effect, would be given to them in this State, it was necessary to have produced and proved the Statute by which their jurisdiction and powers were conferred. If it had appeared that Justices' Courts, in the State of Georgia, were elevated to the character and dignity of Courts of record, it might have presented a different question. But the contrary appears. And we are, therefore, of opinion, that, as the law conferring authority upon the Justice to adjudicate the subject matter in litigation in this case, was not shown, the evidence was not sufficient to entitle the plaintiff to a recovery. The judgment must, therefore, be reversed, and the cause remanded.

Reversed and remanded.