GLASS v. BLACKWELL.

EVIDENCE:  *Judgment of Justice of Peace of another state conclusive.*
A judgment of a justice of the peace of another state, who had jurisdiction of the subject matter, and also of the person of the defendant by voluntary appearance or by due service of process upon him, is conclusive as to the merits of the demand on which it is founded, unless it was obtained by fraud.

APPEAL from *Yell* Circuit Court.
Hon. G. S. CUNNINGHAM, Circuit Judge.

*Harrison & Crownover*, for appellants.

1. The justice's judgment was a valid and legal one under the laws of Tennessee, and is conclusive between the parties, and when properly proved and sued on in this state, it is conclusive as to the merits, and the plea of *nil debit* was not good. *11 Ark., 157; 12 ib., 756; 13 ib., 435; 22 ib., 387; 35 ib., 331; 41 ib., 75; 43 ib., 231; 18 Wall., 457; 7 Crouch, 631; 13 Peters, 169; 5 Wend., 148; 7 ib., 435; 9 N. W. Rep., 432; 3 Am. Law Reg., N. S., 501; 4 ib., 8 and 9; 12 ib., 45; 2 Chitty Pl. (11 Am. Ed.), 243; Chitty on Cont. (9 Am. Ed.), 690, and notes; 8 Yerg., 142, 186; 2 Head., 574; 4 Hersh., 586; 4 Sea., 567; 7 ib., 321.*

Judgments of justices' and courts of record are both within the meaning of the constitution of the United States, and the strictness with which the proceedings of inferior courts are scrutinized applies only to the question of jurisdiction, and when that is established, the maxim, *"omnia praesumuntur,"* etc., applies. *Best on Evidence (1 Am Ed.), 636, and notes; 27 Pa. St., 479; 3 Wend., 268; 10 Ohio St., 34; 5 ib., 546; 10 Ark., 598; 13 ib., 33; Freeman on Judg., sec 577.*

2. It was incompetent for appellee to show by oral testimony that he was not properly served with process, and this testimony should have been excluded. *4 Ark., 150; 11 ib., 374 · 25 ib., 313; 40 ib., 143.*

*Jacoway & Jacoway*, for appellee.

In an action on a judgment rendered by a *court of record* in another state, the defendant, notwithstanding the *record* shows a return of the sheriff, that he was personally served with process, *may show to the contrary*, that *he was not served*, and that the court never acquired jurisdiction of his person. *19 Wall., 58; 18 ib., 457; 1 Greenl. Ev., 13th Ed., sec.*

*540, note, etc.; 6 Wend., 448; 9 Mass., 462; 2 Am. Dec., 36.*

A judgment even by a court of record against a defendant not served, and who never appeared, is void. *15 Johns., 121; 9 Mass., 462; 20 Am. Dec., 36.*

In regard to that provision of the constitution, that "full faith," etc., Mr. Greenleaf says that "judgments of justices of the peace are not within the meaning of the constitution and statutory provisions." *1 Greenl. Ev., 13th Ed., sec. 505, notes 5 and 6.*

Courts of justices being left unprovided for by the constitution .or laws of the United States, their judgments stand upon the footing of foreign judgments, being no more than *prima facie* evidence of debt, and may be defeated by plea of *nil debit. 2 Pick., 448; 43 Ark., 209; 20 Am. Dec., 179; 4 N. H., 450; 6 N. H., 567; 5 Ohio, 545; 1 Greenl. Ev., 13th Ed., sec. 547.*

*Nil debet* is a proper plea to an action founded on a judgment recovered before a justice of the peace of another state. *1 Chitty Pl. (9 Am. Ed.), *p. 485, and note; 2 Pick., 448; 23 Wend., 375; 3 J. J. Marsh, 600.*

Justices' courts are not courts of record, and their jurisdiction must be affirmatively shown. *23 Wend., 374; 19 Johns., 33.*

COCKRILL, C. J. This is a continuation of the case between the same parties reported in *43 Ark., 209.* It is an action on a judgment for $258, rendered by a justice of the peace in the state of Tennessee. On the former appeal it was determined that the judgment of a justice of the peace was not within the provision of the act of congress of May 26, 1790, as to the methods of authenticating judgments of other states, and the judgment of the circuit court was reversed because no other proof of the authenticity of the judgment sued on, was made. On the second

trial the judgment was proved in the manner pointed out in the opinion in *43 Ark.*, *sup.* The laws of Tennessee and the testimony of experts were put in evidence, showing that the justice had jurisdiction of the subject matter, and that his judgment was conclusive in Tennessee of the controversy. The court found, also, in effect, that the justice of the peace had jurisdiction of the person of the defendant by personal service of process on him in the county where the judgment was rendered; but having inquired into the merits of the demand upon which the judgment was based, found that the defendant was never indebted to the plaintiff, and gave judgment accordingly. The question now presented is whether the justice's judgment is conclusive or only *prima facie* evidence of debt.

The appellee contends that as the judgment does not come within the act of congress which prescribes the mode of authentication and the effect of judicial proceedings of the courts of other states, it must be treated as a foreign judgment was at common law; and authorities are cited to show that a foreign judgment is open to an examination of the merits of the demand upon which it is founded.

This argument disregards the first section of the fourth article of the constitution of the United States, which provides that full faith and credit shall be given in each state to the judicial proceedings of every other state; or else treats it as controlled or limited by the subsequent provision of the same clause, which confers upon congress the power to prescribe the manner in which such proceedings shall be proved and the effect thereof. Judge Story's view of this provision was that the first sentence of the article was self-executing, and rendered the judgments of the sister states conclusive without the aid of legislation.

(*2 Story on Const.*, *secs. 1302–13.*) And some of the state courts have taken this as the better interpretation. *Stockwell v. Coleman, 10 Ohio St., 33; Kean v. Rice, 12 S. & R., 203.* See *Big. Est. (4th Ed.), pp. 310, et seq., 314–15.*

Justices Wayne and Washington, on the other hand, the former in delivering the opinion of the Supreme Court of the United States, and the latter upon the circuit, have expressed a different idea of the effect of the constitutional provision, holding the opinion that it was for congress to declare what effect or degree of force judicial proceedings should have outside of the state in which they were had. (*McElmryal v. Cohen, 13 Pet., 693; Green v. Larmiento, 1 Pet., C. C., 74.*) And this was Chief Justice Parker's opinion. *Warren v. Flagg, 2 Pick., 448; Malwine v. Blackford, 6 N. H., 567; Taylor v. Barron, 10 Fost., N. H., 78.*

But in the view we take of the matter it is immaterial whether the effect of the judgment in this case is regulated by the principles of the common law or governed by the constitutional provision. If the latter is self-executing and means that the same faith and credit is due to the judgment here that is accorded it in Tennessee, leaving nothing to be declared upon this score by legislation, as Judge Story thought, the judgment is conclusive except as to jurisdiction or fraud in obtaining it, as we decided in *Peel v. January, 35 Ark., 331.*

If upon the other hand the constitutional provision does not aid the judgment, the principles of the common law as now understood preclude an inquiry into the merits of the demand upon which the judgment is founded.

There has been much contrariety of opinion in England and in this country as to what the common law is upon this subject. In England it appears there had never been an authoritative decision of the question either as to a colonial or a foreign judgment until *Bank of Australasia v. Nias, 16*

*Adolphus & Ellis*, *717* (where a colonial judgment was involved), decided in 1851, and *Scott v. Pilkington*, *2 Best & Smith* (which was the case of a judgment rendered in New York), determined in 1862. In these cases the rule was adjudged that a plea to the merits in an action upon any valid judgment was bad, and that is now the settled law of that country. *2 Chitty Const., p. 1177, sec. 4*; *Big. Est., (4th Ed.), pp. 252, et seq., and cases in notes.*

Earlier *dicta* are found from the most eminent English jurists, expressing a contrary view, and the earlier American cases and text writers followed them as making the correct enunciation of the common law.

But the doctrine thus announced extra-judicially was never received as satisfactory by either Story or Kent. (*Story Conflt. Laws, sec. 607; Taylor v. Boyden, 8 Johns., 173.*) And when the English courts began to doubt its soundness, the current of American authority began to change, and since the English *dicta* were repudiated at home, their doctrine has been but little regarded here. "To try over again, as of course," says Kent, C. J., in *Taylor v. Boyden, sup.*, "every matter of fact which had been duly decided by a competent tribunal, would be disregarding the comity which we justly owe to the courts of other states, and we would be carrying the doctrine of re-examination to an oppressive extent. It would be the same as granting a new trial in every case, and upon every question of fact."

A judgment, whether foreign or domestic, raises a binding obligation to pay the sum awarded by it, and the presumption as to its conclusiveness should follow the law of the forum in which the proceedings were had. The inconveniences and legal perplexities that would follow a different rule are aptly stated by Judge Story in his work on the conflict of laws, *ubi sup.* Neither reason nor the weight

of authority demand that we should entail them upon our practice.

It is not the policy of the law to encourage litigation, and where a court of competent jurisdiction, having the parties legally before it has adjudicated the merits of their case, every reason favors holding them bound by the adjudication wherever the judgment may be called in question, if there has been no fraud practiced in obtaining it. This is now the accepted rule. *Lazier v. Westcott, 26 N. Y., 146; Brinkly vs. Brinkly 50, ib., 184, 202; Harrison v. Lowry, 49 How. Pr., 124; Baker v. Palmer, 83, 111, 569; Beall v. Smith, 14 Texas, 305; N. Y., L. E. & W. R. Co. v. McHenry, 17 Fed. Rep., 414; Big. Est., sup., pp., 255-7; Freeman on Judgments, sec. 577.*

The circuit court erred in receiving evidence as to the merits of the plaintiff's claim, and the judgment must be reversed and the cause remanded for further proceedings.