[S. F. No. 817.   Department Two.—March 16, 1899.]

# W. H. SHAFER, Respondent, v. V. I. WILLIS et al., Appellants.

ACTION UPON NOTE—EVIDENCE OF OWNERSHIP—ADMISSION OF PLEADINGS.
In an action upon a note, when it was alleged in the complaint and not denied in the answer that defendants made the note and delivered it to plaintiff as payee, the production of the note by the plaintiff at the trial, and offering it in evidence, without objection, is sufficient evidence to support a finding of ownership by the plaintiff.

ID.—PAYMENT—DELIVERY OF WARRANTS—COLLATERAL SECURITY—CONFLICTING EVIDENCE—FINDING.—Where the evidence was conflicting as to whether irrigation district warrants delivered to the plaintiff by the defendant were delivered as payment upon the note sued upon, at their face value, or whether they were delivered as collateral security therefor, the finding of the court against the payment cannot be disturbed upon appeal.

ID.—TENDER—FINDING.—A finding that the allegations of the answer are untrue, excepting an allegation of tender of a sum of sixty dollars, which is found to have been insufficient in amount to operate as payment of the note mentioned in the complaint, implies a finding that a tender was in fact made which was insufficient in amount.

ID.—OBJECTION TO TENDER—DEMAND—OBJECT OF STATUTE.—Where the tender of sixty dollars was based on the deduction of warrants from the note, at their face value, in respect to which the debtor claimed a payment, and the creditor claimed that they were collateral security for the note, and demanded payment of the note, stating the amount due, the refusal of the tender involves an objection to its insufficiency in amount. The object of section 2076 of the Code of Civil Procedure, requiring the objection to be stated, if it is to the amount, is to inform the debtor of the amount claimed by the creditor, so that he may have an opportunity of meeting the demand.

ID.—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—COUNTER-AFFIDAVITS—DISCRETION.—It seems that, if a showing is made upon motion for a new trial, which satisfies the statute respecting "newly-discovered evidence, material for the party making the application, and which he could not, with reasonable diligence, have discovered and produced at the trial," the moving party is entitled

to a new trial; and the court has no discretion to try the issue
of fact presented by the matter of the newly-discovered evi-
dence, upon counter-affidavits addressed to such issue; but its
discretion in determining facts presented by conflicting affidavits
is limited to questions pertinent to the motion, other than the is-
sue of fact, to which the newly-discovered evidence is addressed.
[Per Temple, J., and Henshaw, J.]

ID.—CUMULATIVE EVIDENCE—IMPROBABLE CHANGE OF RESULT.—Where
the newly-discovered evidence is cumulative, and the court de-
termines that the evidence, if true, would most probably not
change the result, the motion should be denied.

APPEAL from a judgment of the Superior Court of Fresno
County and from an order denying a new trial. J. R. Webb,
Judge.

The facts are stated in the opinion.

Horace Hawes, for Appellants.

W. B. Good, J. P. Meux, and H. M. Johnston, for Respondent.

CHIPMAN, C.—Action on promissory note. Plaintiff had
judgment, from which and from an order denying motion for a
new trial defendants appeal. The complaint asks judgment for
three hundred and eighteen dollars and twenty-two cents, bal-
ance due of the principal and interest of the note in suit, and fifty
dollars as attorneys' fees. The answer denied that no payments
had been made except as admitted in the complaint, and alleged
in addition thereto a payment, not credited, of two hundred and
forty-four dollars and ninety cents in the form of certain Selma
irrigation district warrants. The answer also alleged the tender
of sixty dollars before suit was commenced in payment of the
balance due on said note, and that on the day of the said tender
defendants deposited said sum in the name of plaintiff in the
Bank of Selma, a bank of deposit and good repute, and so noti-
fied plaintiff. The pleadings are verified. The cause was tried
by the court, without a jury, and as facts the court found: That
plaintiff was the owner of the note; that all the allegations of the
complaint are true, and that there was an unpaid balance of three
hundred and eighteen dollars and twenty-two cents due on said
note; that the allegations of the answer are untrue "except as to
the second allegation in said answer contained, wherein a tender

of the sum of sixty dollars is pleaded and properly set forth as having been made by defendants to plaintiff, on or about August 12, 1896; but from the undisputed evidence the court further finds that the said sum of sixty dollars was and is wholly insufficient in amount to operate as a payment of the promissory note mentioned in plaintiff's complaint."

1. Appellants contend that the findings are not supported by the evidence: 1. That plaintiff was the owner of the note at the date of the trial; and 2. That no payments on the note had been made except as admitted in the complaint. It was alleged in the complaint, and not denied in the answer, that defendants made the note and delivered the same to plaintiff as payee. This note was produced at the trial and offered in evidence by plaintiff without objection. This was sufficient evidence to support the finding of ownership. The more seriously disputed finding of fact relates to the agreement of the parties when the Selma irrigation warrants were delivered to plaintiff. Appellants claim that they were delivered as payment and should have been credited on the note, which would have left a balance due of sixty dollars, and that they tendered payment of this balance before suit was brought. As to the purpose in delivering these warrants the evidence is conflicting.

Plaintiff testified that he received them "as collateral on the note, to be collected and applied on the note." There were two warrants—one for ten dollars and one for two hundred and thirty-four dollars and ninety cents. Plaintiff in his testimony explains the circumstances under which he received these warrants; and he testifies that he did not receive them as payment on the note. Defendants testified that they understood the delivery of the warrants to be a payment as money at their face value. Without quoting from the evidence, I think it may be said that defendants clearly contradict the plaintiff as to the understanding in this matter. As there is a direct conflict in the evidence, it is beyond the province of this court to reconcile it.

2. On August 12, 1896, plaintiff by his attorney, Mr. Good, presented the note for payment, amounting then to three hundred and eighteen dollars. Defendant, Mr. Willis, deducted the amount of the warrants, leaving a balance, as defendant figured it, of about sixty dollars, and offered to pay that in cash. This

money was placed on deposit in a bank of good repute for the use of plaintiff. Appellants assign error, because they alleged a tender of sixty dollars and the court failed to make a finding upon the issue thus presented. The court did not find distinctly whether a tender in fact was or was not made, but it did so find inferentially, for it found that the allegations of the answer were: untrue, "save and except as to the second allegation in said answer contained; wherein a tender of a sum of sixty dollars is, pleaded and properly set forth as having been made by defendants to plaintiff on or about August 12, 1896; but from the undisputed evidence the court finds that the said sum of sixty dollars was, and is, wholly insufficient in amount to operate as a payment of the promissory note mentioned in plaintiff's complaint." This, we think, was tantamount to a finding that a tender was made which was insufficient in amount.

What took place at the time the tender was made was testified to by Mr. Good as follows: "On or about August 12th I presented this matter to Mr. Willis for payment; it amounted then to some three hundred and eighteen dollars, and he deducted the face of the warrant from the amount and it amounted to something like sixty dollars as the difference. He said he would tender me the amount of the difference, which was sixty dollars he made it, but which was a few cents more than the difference, and offered to pay me that in cash then and there. I told him we were unable to receive the offer and would refuse the tender of sixty dollars." We think it fairly inferable from this testimony that the tender was refused because insufficient. The purpose of the statute (Code Civ. Proc., sec. 2076), which requires the objection to be stated, if it is to the amount, is to inform the debtor of the amount claimed by the creditor, so that the former may have the opportunity of meeting the demand if he should wish to do so. Here the amount of the demand was made known by the agent of the creditor, and the debtor clearly understood it, because he made his tender of that amount less what he claimed should be deducted on account of the warrants. The refusal to accept the amount was a refusal of the tender as made; and as the evidence shows that it was much less than the amount found to be due, we think the findings sufficient.

3. The motion for new trial was based in part upon the ground of newly-discovered evidence. This evidence is set forth in three separate affidavits. One Elliott deposed that he was secretary of the Selma irrigation district in February, 1896. At a meeting of the directors held early in the month plaintiff came to him at that meeting and asked about a warrant which the board had allowed and delivered to defendant Willis, and stated to affiant that Willis had promised him the warrant, or a part of it, as payment on a note of Willis held by him (plaintiff). One Gower, who was president of the board, made a similar affidavit. One Walton deposed that in March, 1896, "plaintiff stated that he was interested in the Willis warrant; that Mr. Willis owed him, and that if he had not received this warrant as a payment he would have sued him; . . . . that he thought he would get the money sooner that way than from Mr. Willis."

Defendants deposed that they did not know these facts until after the trial; and that they could not have discovered or produced this evidence by any reasonable means. Plaintiff, by counter-affidavit, contradicted the facts set forth in the affidavits used by defendants at the hearing of the motion. Elliott and Gower deposed as to a conversation which occurred before plaintiff received the warrants and when the defendants were not present. The terms of the transfer depended on what took place at the time the warrants were delivered, and not upon anything the transferee may have said at some time previous and to third persons. It is claimed that the statements of Gower and Elliott would have been admissible to contradict plaintiff's evidence as to what afterward took place between plaintiff and defendants; but, whether admissible or not, the evidence, as admissions, the court below might well have regarded as overcome by the denial of plaintiff that he made them. Walton's statement was contradicted by plaintiff's affidavit, and, besides, in its essential feature does not present such unequivocal facts as would justify this court in reversing the order denying the motion. The affidavit does not clearly charge that plaintiff admitted that he held the warrants as payment, and plaintiff denies that he made any statement of the kind affirmed by Walton. Where the motion for new trial is based on the ground of newly-discovered evidence, and every material fact is contradicted by counter-affidavits, the

discretion of the court in refusing a new trial will not be inter-
fered with on appeal. (*People v. Mesa,* 93 Cal. 580; *Doyle v.
Sturla,* 38 Cal. 457; *Merk v. Gelzhaeuser,* 50 Cal. 631.) Further-
more, the newly-discovered evidence was cumulative, and was not
so conclusive in its character as to raise a reasonable presump-
tion that it would change the result.

The judgment and order should be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment
and order are affirmed.                    McFarland, J.

TEMPLE, J., concurring.—I concur in the judgment and in
the opinion, except that I do not agree that, when a motion for a
new trial is based on the ground of newly-discovered evidence,
and every material fact in the affidavits is controverted by coun-
ter-affidavits, the discretion of the trial court may not be inter-
fered with. The authorities cited do not sustain the proposition,
and I think the proposition cannot be sustained on principle or
upon a proper construction of the statute.

Section 657 of the Code of Civil Procedure provides that a new
trial may (must) be granted "for any of the following causes ma-
terially affecting the substantial rights of such party. . . . . 4.
Newly-discovered evidence, material for the party making the ap-
plication, which he could not, with reasonable diligence, have
discovered and produced at the trial."

Now, if a showing is made which satisfies the statute, the party
is entitled to a new trial in court according to the law regulating
such trials. The court cannot, in lieu of such new trial, deter-
mine the issue of fact on affidavits and find that, though such evi-
dence material under the rigid rules especially applied to these
motions, and which, if true, would probably require a different
judgment, can be produced, nevertheless the opposing party can
refute the new testimony by other evidence, also new. This
would be to retry the issue on affidavits, and to deny the trial ac-
cording to established procedure, such as the statutes provide
the moving party who makes such a case shall have.

The newly-discovered evidence here should, I think, have been
held not to be material in the sense required in these motions,

but, if it was material, it consisted of proof of certain statements alleged to have been made by plaintiff. Affidavits by three witnesses were submitted as to statements made by plaintiff. The counter-affidavit is simply and only that of plaintiff himself. I do not think it can be held to be a counter showing at all; but, waiving that, the issue of fact could not be properly determined by the court upon these affidavits. The authorities cited do not sustain the proposition. They are all of a piece, and in each, after giving sufficient reason for denying the motion, it is added: "Besides, every material fact was contradicted by counter-affidavits." The decision is not based upon that fact, nor is there an intimation that any importance is attached to the counter showing.

On many points, no doubt, the affidavits of the moving party may properly be overcome by counter-affidavits. As to the use of due diligence, or that the evidence is newly discovered, or can be had, no doubt affidavits of the proposed witnesses might be read to show that they would not testify as represented; in short, any pertinent matter may then be tried except the issue of fact to which the newly-discovered evidence is addressed. That issue cannot be then tried, although the court may examine the proposed testimony and compare it with the case already made upon the trial to determine its relevancy and importance, and if it determines that the evidence, if true, would most probably not change the result, the motion should be denied. In this case I think the court must have so determined, and upon that ground I concur in the conclusion.

Henshaw, J., concurred.