[No. 39.   Third Appellate District.—July 25, 1905.]

## MARY L. HUMPHREY, Respondent, v. LOUISA C. POPE, Appellant.

APPEAL—ARGUMENT—REVIEW.—An appellate court will consider only the assignments of error discussed in the appellant's brief, and will not prosecute an independent inquiry to find out reasons for or against the correctness of other rulings.

ACTION FOR ALIENATION OF AFFECTIONS OF HUSBAND—SUPPORT OF VERDICT.—In an action by a wife against another woman for alienation of the affections of her husband, where the testimony of the plaintiff and defendant, aside from a letter written by the latter, sustains the conclusion reached by the jury, it cannot be disturbed for insufficiency of the evidence.

ID.—INSTRUCTIONS—CONSTRUCTION—MALICIOUS INTENTION—BURDEN OF PROOF—DAMAGES.—The instructions in the action must be construed together in the light of the evidence before the jury; and when the instructions were not misleading nor prejudicial, and made it clear that there must have been a malicious intention to alienate the husband's affection from the wife, and to cause the separation, and properly defined the burden of proof, though omitting it in a single instance, and properly confined the damages recoverable to what should fairly seem the pecuniary loss of plaintiff, there is no reversible error therein.

ID.—INADMISSIBLE EVIDENCE—DECLARATIONS OF HUSBAND—INCOMPETENCY UNDER CODE.—The declarations of the husband made to the wife as to his relations with the defendant, and of his desire for a divorce to marry her, were incompetent under section 1881 of the Code of Civil Procedure, and were properly excluded under a general objection of incompetency, in the absence of a showing of the consent of the husband.

ID.—HEARSAY.—Such declarations were essentially incompetent as being mere hearsay evidence in the action for damages for alienation of his affections from the plaintiff by the defendant.

ID.—EVIDENCE—OTHER CAUSES OF SEPARATION—MITIGATION OF DAMAGES.—Any evidence tending to show that the separation or alienation of affection resulted from other causes than those alleged is admissible as bearing upon the necessary averment that the loss of *consortium* was due to defendant's conduct, evidence tending to show the unhappy relations of the parties and want of affection between them prior to the defendant's interference and intrigues would be admissible in mitigation of damages.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial.   W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

Arthur L. Levinsky, and W. M. Gibson, for Appellant.

James A. Louttit, and Louttit & Middlecoff, for Respondent.

McLAUGHLIN, J.—This is an action for damages caused by the acts of defendant in alienating the affection of plaintiff's husband, and abducting, persuading, and enticing said husband from plaintiff, and causing him to live separate and apart from her. The facts stated in the complaint are set forth in the decision on a former appeal (*Humphrey* v. *Pope,* 122 Cal. 255, [54 Pac. 847]), and hence it is deemed unnecessary to repeat them here. The defendant, answering the complaint, denied each material averment thereof. The cause was tried before a jury, and upon the verdict of the jury a judgment was entered against defendant for damages in the sum of two thousand dollars. From this judgment and an order denying her motion for a new trial defendant appeals. The bill of exceptions specifies particulars in which the evidence is insufficient to justify the verdict, and contains many assignments of error. We will notice only those assignments deemed worthy of discussion in appellant's briefs, for we cannot be expected to "prosecute an independent inquiry in order to find out reasons for or against the correctness of the rulings." (*People* v. *Woon Tuck Wo,* 120 Cal. 297; *Banister* v. *Campbell,* 138 Cal. 460, [71 Pac. 504, 703]; *Duncan* v. *Ramish,* 142 Cal. 686, [76 Pac. 661], *Whyte* v. *Rosencrantz,* 123 Cal. 634, [69 Am. St. Rep. 90, 56 Pac. 436]; *Taylor* v. *Bell,* 128 Cal. 306, [60 Pac. 853]; *City Sav. Bank* v. *Enos,* 135 Cal. 167, [67 Pac. 52].) There was sufficient evidence to warrant the verdict of the jury. The testimony of plaintiff and defendant, aside from the letter written by the latter, sustains the conclusion reached by the jury, and hence such verdict cannot be disturbed. (*Iburg* v. *Suanet,* 47 Cal. 265; *Brock* v. *Pearson,* 87 Cal. 581, [25 Pac. 963]; *Bradford* v. *Woodworth,* 108 Cal. 684, [41 Pac. 797]; *Shafer* v. *Willis,* 124 Cal. 36, [56 Pac. 635].) Instruction number eight, given at the request of plaintiff, was not erroneous. Instructions must be considered as a whole, and in the light of evidence introduced before the jury. While, therefore, an instruction

that "*any* act of another woman" by which a wife is deprived of her marital rights would, standing alone, be erroneous, we do not think the jury could have been misled in this instance. In instructions numbered five, six, seven, nine, eleven, and twelve, requested by defendant, the proposition was reiterated that the plaintiff could not recover unless it was shown by a preponderance of the evidence that the "defendant, contrivingly, willfully, wrongfully, and with the intent to injure the plaintiff, did maliciously alienate and destroy the affection of W. G. Humphrey for plaintiff"; and that she "maliciously and intentionally" caused the separation, by means of "malicious, contriving, willful or wrongful conduct," intended to alienate the husband's affection from his wife. This certainly made it plain to the jury that innocent or thoughtless acts, without any design to entice the husband from his wife, could not justify a verdict against defendant. The word "preponderance" was omitted in another instruction given at plaintiff's request, but what has just been said shows that the law relating to the burden of proof was fully and repeatedly called to the attention of the jury, and hence the omission, in a single instance, was not prejudicial. (*People* v. *Jackson,* 138 Cal. 465, [71 Pac. 566]; *People* v. *Morine,* 61 Cal. 372.) We think the appellant has no reason to complain of the instruction relating to the measure of damages, which carefully confines damages recoverable to "what shall fairly seem the pecuniary loss of plaintiff." It contains no mention of children, gifts, or allowances, and is therefore not subject to the objection urged. During the examination of plaintiff she was permitted to testify as to what her husband said to her, with reference to the defendant, during the existence of the marriage relation, as follows:

"Q. Mrs. Humphrey, coming down to the time of the second marriage with Mr. Humphrey, I will ask you what he said, if anything, with reference to the defendant during the period of that marriage, giving us any conversation you had with him in reference to it, commencing with the first event you recall—the first conversation you had with him in reference to the defendant?

"Counsel for defendant objected to the question as wholly *incompetent,* irrelevant, and immaterial, and not binding

upon the defendant unless in her presence, and the court overruled said objection. To which ruling counsel for defendant then and there duly excepted.

"A. Well, the first was, I objected to his going at her beck and call, and he told me that she had plenty of money, and she wanted him, and it seemed as if he couldn't resist her."

In response to similar questions, to which the same objection was interposed, the same ruling had and exceptions reserved, the plaintiff was further allowed to testify: I. "He came home with both of his coat pockets silver in them, seemed to be about half full, and he said the money was hers, and she had gave it to him to spend just as he pleased, and she said he shouldn't work any more." II. "And he thought of giving up—that is, he was going to give up his business in town and take charge of the ranch, and he would have to get a divorce from me, as she demanded him to marry her, as it was not right for him to stay out there without they were married. He had been going out there; and he did afterwards. On these trips he told me he was going to the ranch he remained away from home one, two, and three nights at a time." III. "Well, he told me that he could not get a divorce, but he asked me if I would, so that he could marry her. He said she wanted to be one of the four hundred, and she thought by marrying him they could be." IV. "Well, he said he wanted me to go ahead and get a divorce; give him a chance; that he would stop our income and starve me out; compel me to leave the house." These and other rulings touching the same line of evidence are assigned as error, appellant contending that the evidence was purely hearsay and was also inadmissible under section 1881 of the Code of Civil Procedure. Respondent, however, contends that this evidence was a part of the *res gestae* and admissible under exceptions to the rule excluding hearsay evidence; and also urges that the objection was not specific enough to invoke the inhibition contained in section 1881. The latter contention rests on the proposition that the objection should have extended to the competency of the *witness*. It has been repeatedly held that where evidence objected to is absolutely incompetent, the general objection is sufficient. (*Nightingale* v. *Scannell*, 18 Cal. 324; *Swan* v. *Thompson*, 124 Cal. 196, [56 Pac. 878]; Spelling on New Trial, sec. 288.) And the solution of the question

now under consideration depends upon whether the plaintiff's evidence falls within this rule. We can readily see why an objection to the competency of experts, children under ten years of age, and persons of unsound mind, *as witnesses,* would be necessary. We can also understand why the specific objection, that particular communications between attorney and client, physician and patient, priest and penitent, were privileged, must be urged. But the lips of both husband and wife are forever sealed as to *all* communications between them during the marital relation, unless consent is shown or the cause of action falls within the exceptions. Neither spouse can be *examined as to such communications,* without the consent of the other, and in our opinion the *evidence* is incompetent unless this consent is shown. In *People* v. *Mullings,* 83 Cal. 144, [17 Am. St. Rep. 233, 23 Pac. 229], this precise question was passed upon by our supreme court, and it was there said: "Other objections were made to similar questions which did not expressly state the ground of 'privilege,' but which did state, among other things, that the question was 'not in cross-examination, and *incompetent.*' The word 'incompetent,' under the circumstances, was sufficiently broad to include the ground of objection under review. Such questions were 'incompetent'—that is, apart from the consideration of relevancy and materiality, they were incompetent, because prohibited by law." And in another part of the same decision the court repeats that "the *questions themselves were incompetent.*" In *People* v. *Warner,* 117 Cal. 638, [49 Pac. 841], the objection was "that the *matter* was incompetent and not in cross-examination," and the court there say: "Nor is there anything in the suggestion that the objection was insufficient in form to include the ground now urged. (*People* v. *Mullings, supra.*)" In other cases the *evidence* is spoken of as competent or incompetent. (*Harrison* v. *Sutter St. Ry. Co.,* 116 Cal. 166, [47 Pac. 1019]; *In re Mullin,* 110 Cal. 254, 42 Pac. 645.) In a Michigan case almost identical with the one at bar, it was said: "Plaintiff was allowed to testify to conversations between himself and his wife which did not occur in the presence of defendant, the record not showing that the wife consented to his testifying. This was contrary to section 7546, 3 How. Stat., as repeatedly construed by this

court." The statute referred to contains only the general prohibition found in the first two sentences of section 1881, and that case is, therefore, exactly in point. The reason of the rule requiring specific objections in certain cases is entirely wanting here. The relation being shown, the law absolutely prohibited the *examination* of the wife touching communications during coveture. (Jones on Evidence, secs. 751, 754, 764.) The questions were therefore objectionable from every standpoint, and in such cases specific objection is not demanded. "There is no reason for it, and where the reason is not present the rule fails." (*Swan* v. *Thompson,* 124 Cal. 196, [56 Pac. 878].)

But aside from the objectionable feature of this evidence above discussed, we are satisfied that as far as it was calculated to prove declarations by defendant to plaintiff's husband, it was hearsay pure and simple. There can be no doubt that the conduct and declarations of defendant material to the issue could be shown. But we cannot subscribe to the doctrine that the exigencies of this or any kindred case could justify a radical departure from well-settled rules excluding hearsay evidence of the character under consideration. The doctrine of *res gestae* does not dispense with cardinal rules of evidence, requiring the best evidence in degree touching declarations or any other relevant fact. Declarations and admissions, whether part of the *res gestae* or admissible under other exceptions to the rule excluding that character of evidence, are hearsay, and to permit them to be proven, by one other than the person hearing the statements from the lips of the declarant, would be to prove hearsay by hearsay, and this is not permissible. (*Estate of James,* 124 Cal. 658, [57 Pac. 578, 1008]; *In re Calkins,* 112 Cal. 296, [44 Pac. 577]; *Estate of Gregory,* 133 Cal. 138, [65 Pac. 315]; Code Civ. Proc., secs. 1823, 1825, 1829, 1845, 1846, 1848, 1850, 1870; Jones on Evidence, secs. 197, 207, 216, 237, 297, 299, 347, 348, 351, 353; Greenleaf on Evidence, secs. 82, 108, 110, note 2, 124.) Yet that would be the effect of permitting plaintiff to testify as to what her husband told her touching defendant's declarations and acts. "Evidence of the oral admissions of a party" must be received with caution. (Code Civ. Proc., sec. 2061; Jones on Evidence, sec. 297.) And it would be throwing caution to the winds to permit a class of evidence so fraught with

danger and temptation and so liable to errors and mistakes due to human forgetfulness and fallibility. (Jones on Evidence, sec. 297.) It is but fair to counsel for respondent, and to the trial court, to say that authorities cited fully sustain the opposite view. (*Edgell* v. *Francis*, 66 Mich. 303, [33 N. W. 501]; *Williams* v. *Williams*, 20 Colo. 51, [37 Pac. 614], and cases therein cited.) As the point is new in this state, we have endeavored to reach a conclusion in consonance with sound reason, believing that good law is always supported by good logic. And with all deference to the courts enunciating a rule favorable to the admissibility of such evidence, we are constrained to say that the reasoning upon which such rule is based is far from convincing, and we cannot concur in their view. We think the correct rule was laid down by the supreme court of Ohio in the following terse language: "The words and acts of the defendant Griffin repeated by the wife to the husband, and detailed by him in evidence to the jury, were nothing but hearsay and in themselves clearly inadmissible." (*Preston* v. *Bowers*, 13 Ohio St. 1, [82 Am. Dec. 430]; *Westlake* v. *Westlake*, 34 Ohio St. 634, [32 Am. Rep. 397, and note]; *Huling* v. *Huling*, 32 Ill. App. 521; *Higham* v. *Vanosdol*, 101 Ind. 164.) It follows that the rulings were erroneous. We cannot say what the judgment-roll excluded by the court may have contained, and, as appellant must show error affirmatively, the presumption is that the ruling was correct. As the case must go back for a new trial, it may be remarked that any evidence tending to show that the separation or alienation of affection resulted from other causes than those alleged is admissible as bearing on the necessary averment that the loss of *consortium* was due to defendant's conduct. Evidence tending to show unhappy relations and want of affection between the spouses prior to defendant's interference or intrigues would also be admissible in mitigation of damages. (*Hadley* v. *Heywood*, 121 Mass. 239; *Waldron* v. *Waldron*, 45 Fed. 315; *Rudd* v. *Rounds*, 64 Vt. 440, [25 Atl. 438]; *Fratini* v. *Carlini*, 66 Vt. 275, [44 Am. St. Rep. 843, and note, 29 Atl. 252].)

The judgment and order are reversed.

Buckles, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 23, 1905.