HAMMEL *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered June 1, 1914.

1.  EVIDENCE—PRIVILEGED COMMUNICATIONS — PHYSICIAN. — Information disclosed to a physician to procure him to prescribe as a physician for the plaintiff is privileged.   (Page 298.)

2.  EVIDENCE—COMPETENCY AND RELEVANCY.—A general objection to the introduction of testimony only raises the issue as to its competency and relevancy.  (Page 298.)

3.  EVIDENCE—PRIVILEGED COMMUNICATION—GENERAL OBJECTION.—A party objecting to testimony as involving the disclosure of a privileged communication must indicate the ground of his objection, and a general objection to a question as incompetent, irrelevant and immaterial is insufficient.   (Page 299.)

4.  EVIDENCE—PRIVILEGED COMMUNICATIONS—OBJECTION.—HOW RAISED.— An objection to the introduction of the testimony of an attending physician, must be raised specifically, on the ground that the testimony is a privileged communication, and a general objection is insufficient.   (Page 299.)

Appeal from Drew Circuit Court; *H. W. Wells,* Judge; affirmed.

*Patrick Henry,* for appellant.

The damages were inadequate to compensate plaintiff for the injury. The court erred in admitting the evidence of Doctor Harris and in giving the seventh instruction. The jury found defendant guilty of negligence and the cause should be remanded for a new trial only as to the amount of damages. Ann. Cas. 1912, D. 588.

*E. B. Kinsworthy, Jas. C. Knox* and *T. D. Crawford,* for appellee.

1. A new trial is not allowed on account of the smallness of damages in an action for injury to a person. Kirby's Digest, § § 6215, 6216; 13 Cyc. 135; 4 Sedgwick on Damages (9 ed.), § 1368; 80 N. E. 456; 118 Mo. 328; 78 S. W. 28; 3 Am. Neg. Rep. 737; 81 S. W. 123; 56 *Id.* 725; 12 Bush (Ky.) 465; 86 Ky. 367; 58 S. W. 803; 8 Ky. L. Rep. 875; 39 Ind. 504; 69 *Id.* 458; 74 Pac. 1105; 70 Neb. 357. *Dunbar* v. *Cowgen,* 68 Ark. 444, is erroneous.

2. There was no error in admitting Doctor Harris's testimony. The ground of objection must be indicated. 40 Cyc. 2395; 133 N. Y. 450; 112 N. Y. 493; 81 Mich. 525-534; Kirby's Dig., § 3098.

SMITH, J. Appellant was a passenger on one of appellee's trains, and was injured as she attempted to alight from the train at her destination. She alleged in her complaint, and offered proof tending to show, that when the train had stopped at the station she arose for the purpose of getting off, when, suddenly and without warning, the operatives of the train carelessly and negligently caused the coach in which she was riding to jerk or bump with great force and violence, whereby she was thrown against a seat in said coach and sustained serious injuries. Appellant testified that she incurred expenses for medical attention in the sum of $45, and that she suffered much pain for a period of four months after her injuries, and one of her symptoms of illness was nausea and a dizziness, accompanied by fever at nights.

At the trial a Doctor Harris was called as a witness on behalf of appellant and testified that he had formerly been appellant's physician and had attended her in a pro-

fessional capacity at intervals covering a period of three or four years, and that during this time had treated her for nausea and fever; and he testified that she was always bothered with a sick stomach when she took medicine. The effect of this evidence was to show that appellant had practically the same ailment and symptoms prior to her injury as those she testified about subsequent to her injury. When this witness was interrogated in regard to appellant's previous illness, appellant's attorney objected to this evidence, and his objections were overruled, and exceptions were saved at the time. But the objection made was a general one, and the point was not made that the witness was testifying about matters that were privileged.

The case appears to have been submitted to the jury under proper instructions, and the jury returned a verdict for appellant in the sum of $375, and she appealed from that judgment.

Practically the only question urged for reversal of the judgment is the action of the court in admitting the evidence of the witness, Doctor Harris, over appellant's objection.

It appears from the evidence of the witness Harris that he acquired the information concerning appellant's condition while attending her in a professional capacity, and this information was evidently disclosed to him to enable him to prescribe as a physician, and it was therefore privileged. Kirby's Digest, § 3098; *Mo. & North Ark. Rd. Co.* v. *Daniels*, 98 Ark. 352.

But the objection offered to this evidence was a general one, and the attention of the court was not called to the fact that the evidence was within the inhibition of the statute which precludes a physician from disclosing information which he acquired in a professional capacity and which was necessary for him to possess to prescribe as a physician. This evidence was not incompetent, nor was it irrelevant or immaterial, and a general objection to evidence only raises the question of competency or relevancy.

Discussing the method and form of objection to the admission of privileged communications, the rule is stated in 40 Cyc. 2395, as follows: "A party objecting to testimony as involving the disclosure of a privileged communication must indicate the ground of his objection, and a general objection to a question as incompetent, irrelevant and immaterial is insufficient." Cases are cited to support the text; but as against the rule as there announced the case of *Humphrey* v. *Pope,* 82 Pac. 223, is there cited, as holding that an objection to a question as wholly incompetent, irrelevant and immaterial is insufficient to invoke the inhibition of the Code of Civil Procedure, section 1881, prohibiting the examination of a husband or the wife, as to any communication made by one to the other during marriage. But in this case cited as announcing a rule contrary to the statement contained in the text, the facts were, that in a suit by a wife for the alienation of the affections of her husband, the wife was permitted to testify about conversations she had had with her husband, in the absence of the defendant in that case. It was contended in that case (*Humphrey* v. *Pope*) that this evidence, which related to the relationship between plaintiff's husband and the defendant, was a part of the *res gestae* and admissible under exceptions to the rule excluding hearsay evidence, and also that the objection was not sufficiently specific to invoke the inhibition contained in section 1881 of the Code of Civil Procedure, which prohibits the examination of a husband or wife, as to any communication made by one to the other during marriage. It was there said: "The latter contention rests on the proposition that the objection should have extended to the competency of the witness. It has been repeatedly held that, where evidence objected to is absolutely incompetent, the general objection is sufficient. And the solution of the question now under consideration depends upon whether the plaintiff's evidence falls within this rule. We can readily see why an objection to the competency of experts, children under ten years of age, and persons of unsound mind, as witnesses would be nec-

essary. We can also understand why the specific objection, that particular communications between attorney and client, physician and patient, priest and penitent, were privileged, must be urged. But the lips of both husband and wife are forever sealed as to all communications between them during the marital relation, unless consent is shown, or the cause of action falls within the exceptions. Neither spouse can be examined as to such communications, without the consent of the other, and in our opinion the evidence is incompetent, unless this consent is shown.''

Thus it appears that even under the California case a specific objection would be necessary to exclude evidence which was merely privileged. The California code like that of this State renders the husband and wife incompetent to testify for or against each other, except in certain specific cases.

Appellant should have made specific objection that the witness was being interrogated in regard to a privileged communication, and, had this been done, the admission of the evidence would constitute error calling for reversal of the case; but we think that a general objection to the admission of the evidence, as was made here, was insufficient to raise the question of the privileged character of the evidence.

In the case of *Vaughan* v. *State,* 58 Ark. 353, it was insisted that a witness had been permitted to state what the testimony of an absent witness had been, at a former trial, without having laid a sufficient foundation for the introduction of this secondary evidence; but only a general objection to this evidence had been offered at the trial, and in the opinion in that case it was there said: ''But if the foundation, as thus laid, was not sufficient, appellant interposed no specific objection to it in the court below. Had the court's attention been called to it at the time as insufficient, it might have been an easy matter to have had additional evidence on the subject. This court has often ruled that a general objection is not sufficient except as to competency or relevancy.''

The objection here made was a general one, and, while the evidence was privileged, it was both competent and relevant.

The judgment of the court below is therefore affirmed.