## LORENZ and Others v. JACOBS and Others.

### No. 9212; April 29, 1884.

#### 3 Pac. 654.

**Pleading.—To Constitute a Cause of Action, It is Sufficient to Allege the Facts Simply,** without setting out matter tending to prove them.

**Pleading—Demurrer.—If Plaintiffs Have a Clear Legal Right** in the subject matter of an action, and that right is being materially injured by wrongful acts complained of, the sufficiency of such a cause of action cannot be attacked by general demurrer for imperfect averment. Such errors can only be reached by a special demurrer.[1]

**Waters—Enjoining Diversion.—Where One of Two or More Co-owners,** in the use of water of a stream appropriated by them for beneficial purposes, diverts for use a greater quantity of water than of right belongs to him, so as to materially diminish the quantity to which the others are entitled, such parties are entitled to enjoin the wrongdoer from diverting the water to their injury.

**Waters—Judgment-roll in Former Action.—Where, in an Action** to determine water rights, the right of property is put in issue, the judgment-roll in a former action is admissible to prove the interest in such property of the parties bound by such judgment.

APPEAL from the Superior Court of Trinity County.

Clay W. Taylor and W. J. Tinnin for appellants; E. D. Wheeler, E. E. Williams and H. W. Phillbrook for respondents.

McKEE, J.—The assignments of error which have been argued upon this appeal are: (1) That the complaint does not contain facts sufficient to constitute a cause of action. (2) That the court erred in admitting in evidence, against defendants' objections, the record of a former judgment.

1. The complaint is not artistically drawn; yet, in its verbiage, the following facts, although defectively and illogically stated, sufficiently appear, viz.: That, in 1882, the plaintiffs were the exclusive owners, by prior appropriation, of the right

---

[1] **Cited** and applied in Moore v. Clear Lake Water Works, 68 Cal. 151, 8 Pac. 818, which holds that an allegation is sufficient if it shows an injury by the defendant upon the rights of the plaintiff making it.

to divert and use all the water of a stream called "Connor creek," except a sluice-head of twenty inches, or "so much as will flow without pressure through an aperture ten inches in length and two inches in height," and the surplus of the natural flow of the stream not appropriated by the plaintiffs; that "in the vicinity of Red Hill, Trinity county, state of California," the plaintiffs had constructed four ditches, which connected with and tapped the creek, by means of which they brought the water from the creek "to the mining ground in that locality," for use in mining and other useful purposes; and that, while engaged in the exercise of their right, the defendants disturbed them in its enjoyment, by wrongfully diverting so much of the water of the creek in excess of the "sluice-head" to which they are first entitled as to materially diminish the quantity which the plaintiffs are entitled to have flow through their ditches to their mining ground for mining purposes; and this wrong the defendants threaten to continue, so as to deprive the plaintiffs of their right to the use of the water of said creek; therefore, the plaintiffs ask that the defendants be adjudged to pay damages for their wrongful acts in the past and be perpetually enjoined from continuing to commit them in the future.

It is urged that the complaint is fatally defective, because it contains no distinctive averments of the date of location, size, grade, or capacity to carry water of any of the plaintiffs' ditches; and because it contains no averment that "Connor creek" or any of the ditches are in the county of Trinity. But all these are only subordinate facts tending to prove the ultimate fact of the legal right in the subject matter of the action asserted by the plaintiffs. As subordinate facts they are not essential to the statement of the cause of action. When a state of facts is relied on to constitute a cause of action, it is sufficient to allege the facts simply without setting out the facts tending to prove them. If the facts stated are sufficient to constitute a cause of action, their sufficiency cannot be successfully assailed by a general demurrer for imperfect averments of the facts. Such errors in a pleading can be reached only by special demurrer. In the presence of a general demurrer a complaint is sufficient which shows that the plaintiffs have a clear legal right in the subject mat-

ter of the action, and that the right is being materially injured by the wrongful acts complained of.

Here the injury complained of is in the improper diversion of the water of a watercourse by the defendants as co-owners with the plaintiffs in the flow of the water, and the law is well settled that where any one of two or more · co-owners in the use of the water of a stream, which has been appropriated by them for a beneficial purpose, diverts for use a greater quantity of the water than of right belongs to him, so as to perceptibly reduce the volume of water flowing in the stream, and to materially diminish the quantity to which the others are entitled, in consequence of which they are damaged and their right violated, such parties are entitled to an injunction enjoining the wrongdoer from diverting the water to their injury: Story's Equity Jurisprudence, sec. 927.

2. By his answer each of the defendants asserted a right to use the water to a greater extent than the plaintiffs admitted belonged to them. The question, therefore, at issue in the case was the quantitative interest of the parties, plaintiffs and defendants, in the natural flow of the creek. Upon that question the plaintiffs gave in evidence, over the exception of the defendants, the judgment-roll in a former action, in which Henry Lorenz, one of the present plaintiffs, Nicholas Lorenz, and Jacob Liebrandt were plaintiffs, and Bartol and Henry Jacobs (two of the present defendants), and David Evans and Charles H. Bartlett (two of the present plaintiffs), were defendants, for the partition, or sale, if a partition could not be had, of one of the ditches mentioned in the complaint in this case, and "the first flow of the water of the creek known as 'Connor creek,' to the extent of one thousand inches on a grade of two inches to the rod." To that action the parties defendants appeared and answered. By his answer Henry Jacobs denied that "he was a tenant in common with the plaintiffs of the property described in the pleadings, or otherwise, or at all, or that he had or claimed any estate or interest therein." That answer raised an issue upon which evidence was taken. Upon the proof the court found for the defendant Henry; and, after finding that all the other defendants were tenants in common with the plaintiff of the property sought to be partitioned, the court, after it had ascertained and determined the extent of the interest of the respective tenants

in common, ordered a sale of the property and a distribution of the proceeds between them according to their respective interests. A sale was had, which was afterward confirmed, and final judgment was regularly entered.

The ditch property which was sold under that judgment was part of the property involved in this case. The judgment determined that all the parties in that action, except the defendant Henry, were tenants in common in the property, and that the defendant Henry was not a tenant in common, and had no interest in the property. Both these facts were directly put in issue, and were found. The finding of the last fact would have been unnecessary if the defendant Henry had filed a disclaimer, and had had the action dismissed as to him; but he did not. He took issue with the averment of the plaintiffs' complaint. That was not the formal renunciation of all claim to the subject matter in the suit, which is known in law as a disclaimer: De Uprey v. De Uprey, 27 Cal. 335, 87 Am. Dec. 81; Brooks v. Calderwood, 34 Cal. 563. Having, by his answer, raised an issue which involved trial and determination, he became bound by the decision upon the question at issue, and the record of the judgment was admissible in evidence in this case, not only for the purpose of proving the extent of the interest in the property which the plaintiffs acquired at the sale, which was confirmed by the judgment, but also for the purpose of proving that the defendant Henry had no interest in the property: Morenhout v. Higuera, 32 Cal. 294; Hancock v. Lopez, 53 Cal. 362.

There is no prejudicial error in the record.

Judgment and order affirmed.

I concur: McKinstry, J.

I concur in the judgment: Ross, J.